## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **TIMOTHY ALAN LEWIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00526 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WALLENS RIDGE STATE PRISON,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Timothy Alan Lewis, Pro Se Plaintiff.*

The plaintiff, Timothy Alan Lewis, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that prison officials threatened to harm him, refused him meals on occasion, and lost or confiscated items of his personal property.  Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

After Lewis was transferred to Wallens Ridge State Prison (Wallens Ridge) on February 5, 2021, officers allegedly made verbal threats to harm him based on his criminal convictions.  Other officers failed to provide Lewis with meals on several occasions and deprived him of certain personal property items.  In the § 1983 Complaint, Lewis sues only Wallens Ridge, seeking monetary damages.

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."  A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face."  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  This rule also applies "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70 (citation omitted).  Because Wallens Ridge is properly considered an arm of the Commonwealth of Virginia, it cannot be sued under § 1983.  Because Lewis' § 1983 claim cannot proceed against the only defendant he has named, I will summarily dismiss the action without prejudice under § 1997e(c)(1) as legally frivolous.[1]  Such a dismissal leaves Lewis free to refile his claim in a new and separate civil action if he can correct the deficiencies described in this opinion.

---

[1]  I also note that the allegations in the Complaint do not state any constitutional claim against any state prison official.  First, mere verbal threats by officers do not support

A separate Final Order will be entered herewith.

DATED:   November 30, 2022

/s/  JAMES P. JONES
Senior United States District Judge

_____

any claim of constitutional violation. *Wilson v. McKellar*, 254 F. App'x 960, 961 (4th Cir. 2007) (unpublished); *Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999) (unpublished). Second, being deprived of meals on isolated occasions does not rise to the level of a constitutional violation. *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (affirming district court's dismissal as frivolous of inmate's claim that he received only two meals per day during weekends, because inmate alleged no significant resulting injury). Third, random and unauthorized deprivations of inmate property do not give rise to any constitutional claim "if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Inasmuch as Lewis possessed tort remedies under Virginia state law, Va. Code Ann. § 8.01-195.3, he cannot prevail in a constitutional claim under § 1983 for the alleged property loss in this case.